# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAIME TORRIJOS-GONZALEZ,

    Petitioner,                    Case No. 16-C-617

    v.

UNITED STATES OF AMERICA,

    Respondent.

## DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT NO. 1) AND DISMISSING PETITION

In 2011, the petitioner pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, and one count of possession of firearms in furtherance of a drug trafficking offense. United States v. Torrijos-Gonzalez, Case No. 11-cr-34-RTR (E.D. Wis.), at Dkt. No. 18. Judge Randa imposed sentence on September 8, 2011. Id. at Dkt. No. 31.

On May 2, 2016, the petitioner filed a letter, stating that he would like a Federal Defender to represent him because he had just learned about the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and he thought that decision might provide him with a way to challenge to his sentence. Dkt. No. 1. On May 26, Judge Randa construed the letter as a motion for relief under 28 U.S.C. §2255, and issued an order directing that within thirty days, the petitioner should file his motion on the official §2255 form,

available on the court's web site. Dkt. No. 2. (Judge Randa ordered that the clerk's office provide the petitioner with a copy of the form. Id.) The petitioner did not comply with Judge Randa's order, but on August 3, 2016, the case was reassigned to this court.

Rule 4(b) of the Rules Governing Section 2254 Cases in the United States District Courts (which applies to §2255 petitions) says that a court must "promptly examine" a petition, and directs that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This court has reviewed the petitioner's letter, and his case file. The court concludes that the Johnson decision does not apply to the petitioner, and therefore that the petitioner is not entitled to relief in the district court. Thus, the court will dismiss his petition.

The Armed Career Criminal Act is part of the federal statute that imposes penalties for gun offenses. It is located at 18 U.S.C. §924(e)(1). That statute says that anyone who violates 18 U.S.C. §922(g) (which prohibits certain people, such as felons, fugitives, or illegal aliens, from possessing firearms), and who has three previous convictions for a "violent felony" or a "serious drug offense" or both, must be sentenced to a term of imprisonment of at least fifteen years. The statute defines a "violent felony" as either a felony that is a "burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*," or a felony

- 2 -

that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B). That second clause of the first part of the definition—a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is called the "residual clause" of the Armed Career Offender Act.

In <u>Johnson</u>, the Supreme Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, because it didn't give a defendant convicted under §922(g) enough guidance or warning to figure out whether one of his three prior felony convictions "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another," and thus whether he might be facing the mandatory minimum fifteen-year sentence. The result of the Supreme Court's decision, then, was that any defendant who was convicted of violating §922(g), and was sentenced under §924(e) as an armed career criminal based on one or more felonies that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" could challenge his sentence under <u>Johnson</u>.

The petitioner in this case pled guilty to two crimes—drug conspiracy, and possessing firearms in relation to a drug offense. He was *not* convicted of violating 18 U.S.C. §922(g). Because a person must be convicted of violating §922(g) in order to qualify as an armed career criminal, the petitioner could not have been sentenced as an armed career criminal. His plea agreement laid out the mandatory minimum penalties he faced for the two crimes to which he pled

- 3 -

guilty—a mandatory minimum of ten years for the drug crime, and a mandatory minimum of five years for the gun crime. United States v. Torrijos-Gonzalez, 11-cr-34 at Dkt. No. 14, page 3. These mandatory minimum penalties demonstrate that the petitioner was not subject to the Armed Career Criminal Act; if he had been, he would have been facing a mandatory minimum penalty of fifteen years. The sentence imposed by Judge Randa supports this conclusion—Judge Randa sentenced the petitioner to serve six years on the drug charge, and five years on the gun charge—a total of eleven years. Id. at Dkt. No. 34. Again, if the petitioner had been sentenced as an armed career criminal, Judge Randa would have been required to impose a mandatory minimum sentence of no less than fifteen years. Because the petitioner was not sentenced under the Armed Career Criminal Act, he cannot challenge his sentence under Johnson.

The United States Sentencing Guidelines require a court to enhance a defendant's sentence if he qualifies as a "career offender." U.S.S.G. §4B1.1. A defendant qualifies as a career offender if, at the time he committed the crime for which he is being sentenced, he had two or more prior felony convictions that either were crimes of violence or controlled substance offenses. Id. In defining a "crime of violence" for the purposes of determining whether a defendant is a career offender, U.S.S.G. §4B1.2(a)(1) defines a crime of violence as a felony that "is a burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" The italicized language in §4B1.2 is the same

language that the Supreme Court found unconstitutionally vague when it struck down the residual clause of the Armed Career Criminal Act.

Some lower courts have concluded that this means that the residual clause of the career offender guideline also is unconstitutional, and that if a defendant was sentenced as a career offender based on one or more felonies that had as an element the use, attempted use or threatened use of physical force against another, that defendant may challenge his sentence under Johnson—even though he wasn't sentenced as an armed career criminal. See, e.g., United States v. Pawlak, 822 F.3d 902, 907 (6th Cir. 2016) ("In our view, *Johnson*'s rationale applies with equal force to the Guidelines' residual clause"). The Seventh Circuit Court of Appeals, whose decisions bind this court, has not issued a decision on the issue (although the question is pending before it), but even if it had, the petitioner still would not have a claim under Johnson. The court has reviewed the petitioner's Presentence Investigation Report, which indicates that the defendant did not qualify as, or have his sentence enhanced for being, a career offender.

Finally, as the court noted above, one of the crimes for which the petitioner was sentenced was possessing a firearm during and in relation to a drug offense, in violation of 18 U.S.C. §924(c)(1)(A). That statute provides for an enhanced sentence for anyone who uses or carries a firearm in relation to either a crime of violence or a drug trafficking crime. Like the ACCA and the career offender guideline, §924(c) has a definition for "crime of violence."

- 5 -

Section 924(c)(3)(B) defines a crime of violence as a crime "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offenses." Some defendants have challenged this definition as being unconstitutionally vague under <u>Johnson</u>. <u>See, e.g.</u>, <u>United States v. Anglin</u>, Case No. 14-cr-3, 2015 WL 6828070 at *5 (E.D. Wis. November 6, 2015). But the petitioner in this case wasn't convicted of using or carrying a firearm during a crime of violence. He was convicted of using or carrying a firearm during a drug trafficking offense. Thus, even if there is some constitutional flaw in §924(c)'s definition of a crime of violence, it would not invalidate the petitioner's sentence, because he wasn't convicted of, or sentenced for, violating that part of the statute.

For these reasons, the petitioner is not entitled to relief from the district court under the Supreme Court's holding in <u>Johnson</u>, and the court must deny the motion and dismiss the petition.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that whenever a district court enters a final order that is adverse to the petitioner, it must either issue or deny a certificate of appealability. A district judge may issue a certificate of appealability only when a petitioner has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and when "[j]urists of reason could . . . disagree" as to whether the court wrongly decided the issue, <u>Walton v. Schwochert</u>, Case No. 10-cv-117, 2010 WL 4318887 at *2 (E.D. Wis. October 25, 2010). Because

the petitioner has not made a substantial showing of the denial of a constitutional right, and because the court does not conclude that reasonable jurists could disagree about that, the court declines to issue a certificate of appealability.

The court **DENIES** the petitioner's motion to vacate, set aside or correct his sentence. Dkt. No. 1. The court **ORDERS** that the petition is **DISMISSED** and directs the clerk of court to enter judgment accordingly.

Dated in Milwaukee, Wisconsin, this 10th day of August, 2016.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**